MATTHEW V. HERRON #71193
herronlaw, apc
406 Ninth Avenue, Suite 313
San Diego, California 92101
Telephone: (619) 233-4122
Email: mherron@herronlawapc.com

Attorneys for Plaintiffs KRISTIN ALLRED and VICTORIA KLEIN

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN ALLRED, VICTORIA KLEIN and MICHAEL E. DOYLE,<br><br>Plaintiffs,<br><br>v.<br><br>H.I.G CAPITAL, LLC, a Limited Liability Company; H.I.G. GP II, INC. a Corporation; H.I.G. CCS-CMGC, L.P., a Limited Partnership; CCS-CMGC PARENT GP, LLC, a Limited Liability Company; and CCS-CMGC, PARENT HOLDINGS, L.P., a Limited Partnership; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 25-CV-2306H-KSC<br><br>*[Removed from San Diego Superior Court; Case No. 25CU040239C]*<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date: January 5, 2025<br>Time: 10:30 a.m.<br><br>JUDGE: Hon. Marilyn L. Huff<br>DEPT: Courtroom 12A<br>Complaint Filed: July 31, 2025 |

## A. PRELIMINARY STATEMENT

For the reasons stated in the Motion to Remand (DK#7), this Court lacks subject matter jurisdiction over this case. Any doubt about this Court's lack of jurisdiction was removed by the dismissal of the General Partner and General Partnership based on their pending bankruptcies. DK#18. The case must be remanded to San Diego Superior Court.

Because of the current hearing schedule, however, Plaintiffs are compelled to provide this Opposition but does so contingent on the Court's denial of the Motion to Remand.

///

### B. THE MOTION BASED ON THE AFFIRMATIVE DEFENSE OF A RELEASE SHOULD NOT BE CONSIDERED IN THE PLEADING MOTION

The Motion is largely devoted to the assertion that Defendants have an affirmative defense of a release, but the Court should not consider this affirmative defense on this pleading Motion. Accordingly, Plaintiffs object to the admission of the Settlement Agreement.

The document on which Plaintiff relies is not referenced in the Complaint and should not be considered. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018). Further, this pleading motion cannot be used to adjudicate Defendant's claimed affirmative defense of release. *Id.* at 1003. See, *Sams v. Yahoo! Inc.,* 713 F.3d 1175, 1179 (9th Cir. 2013); FRCP Rule 8(c) (listing "release" as an affirmative defense).

The claimed defense of a release is a factual question outside the reach of this Motion.

### C. THE SETTLEMENT AGREEMENT DOES NOT AFFORD A RELEASE

Defendants' quotation from the Settlement Agreement omits the exception to the release language, "except for the obligations contained herein…." Plaintiffs did not release Defendants, or anyone else, from the $17.5 million due to them.

In addition to this exception, which itself eliminates the claimed release defense, Defendants would need to prove the obligations to Plaintiffs were performed as an element of their release defense. CACI 303, para. 2 ("[2. That [name of plaintiff] did all, or substantially all, of the significant things that the contract required [him/her/nonbinary pronoun/it] to do").

The Complaint alleged the payment was not made. Complaint, p. 2:2-4.

### D. THE CLAIM BAR DATE DEFENSE WOULD NOT APPLY TO THE H.I.G. DEFENDANTS

The Court need not consider the defense of a bar date as that argument was only made on behalf of the Partnership and General Partner which were voluntarily dismissed.

Even if that argument was made on behalf of the remaining Defendants, it would be another affirmative defense which could not be decided in this pleading motion.

Further, the claim was made for a specific and limited purpose in the process of the plan confirmation proceedings which excluded the Partnership and General Partner as the Defendants have pointed out. The bankruptcy claim is irrelevant and should not be considered.

**E. THE COMPLAINT ALLEGES A CLAIM FOR SECURITIES FRAUD**

The First Cause of Action alleges a claim under California Corporations Code section 25401, which provides:

> It is unlawful for any person to offer or sell a security in this state, or to buy or offer to buy a security in this state, by means of any written or oral communication that includes an untrue statement of a material fact or omits to state a material fact necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading.
>
> Corporations Code § 25401.

The Complaint alleges:

> 10. On August 19, 2022, and again on or about September 1, 2023, Defendants issued securities to Plaintiffs in the form of limited partnership interests in Defendant CCS-CMGC, Parent Holdings L.P., with Defendant CCS-CMGC Parent GP, LLC, as the general partner.
>
> 11. In both instances, Defendants concealed from Plaintiffs that Defendants did not intend to pay for the business being purchased and that Defendants intended to fabricate false statements regarding the inability to make payments because of loan covenants.
>
> Complaint, p. 3:5-10.

In this manner the Complaint alleges the omission of material facts – namely the intent not to pay for the business – in the process of issuing the limited partnership interests.

Thus, the allegation states a claim under Corporations Code section 25401 of an omission at the time the securities were issued in light of the representation of payment. The later allegations in the Complaint concern how the Defendants executed on the pre-existing intent not to pay. Complaint, p. 4:1-15. And, as the Complaint alleges, H.I.G. is liable under Corporations Code section 25504 which provides:

///

///

///

> Every person who directly or indirectly controls a person liable under Section 25501 or 25503, every partner in a firm so liable, every principal executive officer or director of a corporation so liable, every person occupying a similar status or performing similar functions, every employee of a person so liable who materially aids in the act or transaction constituting the violation, and every broker-dealer or agent who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person, unless the other person who is so liable had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist.
>
> Corporations Code § 25504.

This statute is broadly construed to impose liability on each class of persons listed. In *Hellum v. Breyer,* 194 Cal.App.4th 1300 (2011), the court concluded:

> Thus, unlike its federal law counterpart, the plain language of section 25504 reveals that imposition of joint and several liability under its provisions is not limited to persons who "control" others who have sold securities in violation of section 25503, as the trial court apparently believed. Rather, section 25504 is worded in a broad fashion to impose liability on "every partner in a firm so liable, every principal executive officer or director of a corporation so liable, every person occupying a similar status or performing similar functions, [and] every employee of a person so liable who materially aids in the act or transaction constituting the violation," among others. This structure is suggestive of legislative intent to differentiate section 25504's requirements for finding different categories of individuals liable.
>
> *Id.* at 1311.

Thus, the Complaint alleges a cause of action for securities fraud.

## F. THE COMPLAINT ALLEGES A CLAIM FOR BREACH OF FIDUCIARY DUTY

"Partnership is a fiduciary relationship, and partners are held to the standards and duties of a trustee in their dealings with each other." *Everest Investors 8 v. McNeil Partners,* 114 Cal.App.4th 411, 424 (2003). The fiduciary duties owed to limited partners is also confirmed by statute. Corporations Code § 15904.8.

The Complaint alleges the existence and breach of that duty. Complaint, p. 3:25-28. Whether Plaintiffs can prove the breach is a factual question not amenable to resolution on this pleading motion.

## G. IF THE COMPLAINT IS DEFICIENT THE COURT SHOULD GRANT LEAVE TO AMEND

If the Court denies the Motion to Remand, then rules on this Motion to Dismiss, but finds the Complaint deficient, Plaintiffs request leave to amend. In particular, if the Court finds the Complaint, filed in state court, needs to comply with, but does satisfy federal pleading rules, Plaintiffs should be given leave to amend.

## H. CONCLUSION

For the foregoing reasons, the Court should deny this Motion or, in the alternative, grant leave to amend.

Dated: December 1, 2025

herronlaw, apc

By: Matthew V. Herron

Matthew V. Herron
Attorneys for Plaintiffs KRISTIN ALLRED and VICTORIA KLEIN

MATTHEW V. HERRON #71193
herronlaw, apc
406 Ninth Avenue, Suite 313
San Diego, California 92101
Telephone: (619) 233-4122
Email: mherron@herronlawapc.com

Attorneys for Plaintiffs KRISTIN ALLRED and VICTORIA KLEIN

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN ALLRED, VICTORIA KLEIN and MICHAEL E. DOYLE,<br><br>Plaintiffs,<br><br>v.<br><br>H.I.G CAPITAL, LLC, a Limited Liability Company; H.I.G. GP II, INC. a Corporation; H.I.G. CCS-CMGC, L.P., a Limited Partnership; CCS-CMGC PARENT GP, LLC, a Limited Liability Company; and CCS-CMGC, PARENT HOLDINGS, L.P., a Limited Partnership; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 25-CV-2306H-KSC<br><br>**PROOF OF SERVICE** |

I, Tammy Dos Santos, declare that:

I am and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action. I am employed in the County of San Diego, California. My business address is 406 Ninth Avenue, Suite 313, San Diego, CA 92101. On December 1, 2025, I served the following document(s) described as:

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

on all interested parties in this action:

AKERMAN LLP
Ellen S. Robbins #298044
ellen.robbins@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: 213-688-9500
Facsimile - 213-627-6342
Attorneys for Defendants **CCS-CMGC Parent GP, LLC; CCS-CMGC Parent Holdings, LP; H.I.G. Capital, LLC; H.I.G. GP II, Inc.; and H.I.G. CCS-CMGC, L.P**

[X] (CM/ECF Electronic Filing): I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 1, 2025, at San Diego, California.

Tammy Dos Santos