**AKERMAN LLP**
Ellen S. Robbins (State Bar No. 298044)
*ellen.robbins@akerman.com*
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants CCS-CMGC Parent GP, LLC; CCS-CMGC Parent Holdings, LP; H.I.G. Capital, LLC; H.I.G. GP II, Inc.; and H.I.G. CCS-CMGC, L.P.

**AKERMAN LLP**
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN ALLRED, VICTORIA KLEIN and MICHAEL E. DOYLE<br><br>Plaintiffs,<br><br>v.<br><br>H.I.G CAPITAL, LLC, a Limited Liability Company; H.I.G. GP II, INC. a Corporation; H.I.G. CCS-CMGC, L.P., a Limited Partnership; CCS-CMGC PARENT GP, LLC, a Limited Liability Company; and CCS-CMGC, PARENT HOLDINGS, L.P., a Limited Partnership; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 3:25-cv-02306-H-KSC<br>The Hon. Marilyn L. Huff<br><br>*[Removed from San Diego Superior Court; Case No. 25CU040239C]*<br><br>**ENTITY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Complaint Filed: July 31, 2025 |

The Entity Defendants[1] submit this reply brief in further support of their Motion to Dismiss (ECF No. 8). The five-page Memorandum of Points and Authorities in Opposition to the Motion ("Response") (ECF No. 19) filed by Plaintiffs Kristin Allred and Victoria Klein cites only four cases, offers mere conclusory assertions against dismissal, and ignores entire sections of the Motion. In short, the Response offers no basis to avoid dismissal, and amendment would be futile. Accordingly, the Motion should be granted and the Complaint should be dismissed with prejudice.

[1] Terms not defined in this reply have the definitions ascribed to them in the Motion.

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

## I. THE PURPORTED PARTIAL DISMISSAL IS INEFFECTIVE AND IRRELEVANT TO THIS MOTION

At the threshold, the Response attempts to re-litigate the Motion to Remand (ECF No. 7) and argue that the Court should not resolve this Motion or the Entity Defendants' contemporaneous Motion to Transfer Venue (ECF No. 9) on the theory that the Court lacks subject matter jurisdiction over the action given that the Debtor Defendants—CCS-CMGC Parent GP, LLC ("Parent") and CCS-CMGC Parent Holdings, L.P. ("Parent Holdings")—were purportedly voluntarily dismissed by notice (ECF No. 18). That assertion is incorrect for the reasons explained in detail in the Entity Defendants' Response to the Motion to Remand (ECF No. 21).

The Debtor Defendants cannot simply be dismissed from this action. The five-page Complaint asserts nothing but conglomerated conduct by "Defendants, all acting in concert together." Compl. ¶ 9. Moreover, the Complaint vaguely suggests a fraudulent scheme to breach several agreements that were signed only by the Debtor Defendants and other non-parties. *See id.* ¶¶ 4, 10-11. Finally, the Complaint alleges false statements by "Defendants' counsel." And although the Complaint does not explain whose counsel made the statements, Plaintiffs' response to the Motion to Transfer Venue (ECF No. 20) confirms they were employed by "McDermott [Will & Schulte]," *id.* at 7, which firm was counsel for the Debtor Defendants. *See generally* Wellpath Bankruptcy.

In short, the Debtor Defendants are necessary parties who must be joined if feasible under Federal Rule of Civil Procedure 19; indeed, as Plaintiffs seemingly seek to functionally rescind the Settlement and assert released claims, Wellpath Holdings and Alpine Wellpath would also be necessary parties under Rule 19. *See Dawavendewa v. Salt River Project*, 276 F.3d 1150, 1157 (9th Cir. 2002) ("[T]oday we reaffirm the fundamental principle … [that] … a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract.").

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

The Debtor Defendants plainly can be joined if feasible—they already were joined. Plaintiffs cannot rely on Rule 41 to effect such transparent forum-shopping while asserting claims that plainly implicate the Debtor Defendants and their interests; the Debtor Defendants must remain joined in this action.

Yet even if it were effective, the purported partial dismissal is irrelevant to the Court's subject matter jurisdiction. As discussed in the Entity Defendants' Response to the Motion to Remand, at 6-9, the claims against the H.I.G. Defendants also invoke the Court's original subject-matter jurisdiction. *See* 28 U.S.C. § 1334; *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013); *In re Feitz*, 852 F.2d 455, 547 (9th Cir. 1988) (related to "proceeding need not necessarily be against the debtor or the debtor's property") (quotation omitted). Indeed, Plaintiffs have twice consented to the Bankruptcy Court's jurisdiction over this dispute by filing the Proofs of Claim, and they separately invoked the Bankruptcy Court's exclusive jurisdiction by attempting to sue the Debtor Defendants in this action—in violation of the Bar Date Order and automatic stay. The purported dismissal of the Debtor Defendants does not alter the Court's jurisdiction, and Plaintiffs cannot continue their attempt to forum-shop around the Bankruptcy Court through procedural maneuvering.[2]

Accordingly, this action invokes the Court's subject-matter jurisdiction, even if the Debtor Defendants could be simply excised from the action (they cannot be). The Motion to Remand should be denied, and the Court should resolve this Motion and the Motion to Transfer.

## II. THE RELEASE COMPELS DISMISSAL

As explained in the Motion, at 8-9 & n.4, a plaintiff cannot "avoid dismissal of [their] claims … via the strategic decision not to include or mention the settlement

---

[2] Moreover, the partial dismissal is on behalf of Kristen Allred and Victoria Klein only. Thus the Debtor Defendants have not been dismissed from the action while the Court considers the treatment of Mr. Doyle's claims after his death and resolves the Ex Parte Motion to Dismiss (ECF No. 16).

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

agreement that settled" precisely the claims asserted. *Birdsong v. AT&T Corp.*, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013). Courts in the Ninth Circuit repeatedly recognize that judicial notice is appropriate to consider a settlement agreement on a motion to dismiss, especially where, as here, the settlement agreement has already been filed with another Court. *See id.*; *In re E.R. Fegert, Inc.*, 887 F.2d 955, 958 (9th Cir. 1989); *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1008 n.2 (9th Cir. 2014).

The Response never even mentions judicial notice; instead, Plaintiffs simply assert that the Court "[g]enerally … may not consider material outside the pleadings" in resolving a motion to dismiss. Resp. at 2 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 988 (9th Cir.); *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013)). But even the scant legal authority cited in the Response demonstrates that the general rule is inapplicable here: in *Sams*, the Ninth Circuit did consider two documents that were not attached to the complaint. 713 F.3d at 1179.

Precisely the same result should occur here. Plaintiffs themselves filed the Settlement in the Bankruptcy Court, and the accuracy of this document "cannot reasonably be questioned." Fed. R. Evid. 201(b); *see* RJN, Ex. B. Thus, the Court should consider the document in resolving the motion to dismiss. *Sams*, 713 F.3d at 1179; *In re E.R. Fegert, Inc.*, 887 F.2d at 958.

Moreover, even in the Response, Plaintiffs do not dispute that the release exists. Response at 2. Instead, the Response only briefly argues that the release—despite its plain language—either authorizes any claim to recover the Deferred Payment or is rendered invalid because Wellpath allegedly failed to make the settlement payment. *Id.* That suggestion is facially incorrect and unsupported, and it should be summarily rejected.

In the Settlement, the Plaintiffs released all possible claims "concerning the Dispute" over the Deferred Payment,[3] except with respect to any obligations contained in the Settlement itself. Settlement ¶ 7. To resolve any doubt, Plaintiffs and "the Wellpath Group Releasees" (including affiliates) agreed not to initiate any litigation "against each other arising out of or relating to the claims released in this Agreement." *Id.* The only exception is "[a]n action or proceeding brought to enforce the terms of this Agreement." *Id.* The language plainly releases all claims except a claim for breach of the Settlement itself.

Moreover, Plaintiffs' unsupported claim that the Entity Defendants must prove "the obligations to Plaintiffs were performed as an element of their release defense" is both confounding and incorrect. Resp. at 2. Plaintiffs' only support for this assertion is the California jury instruction for a breach of contract claim. *Id.* (citing CACI 303). It is not the Entity Defendants who are suing and they are certainly not (yet) asserting a breach of contract claim. The Response offers no basis to overcome the rule that "[i]n the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement"—not re-assert released claims. *Keeling v. Sheet Metal Workers Intern. Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991). By asserting claims for breach of the Settlement in the Bankruptcy Court, RJN, Ex. B, Plaintiffs affirmed the Settlement and elected their remedy. Having done so, they cannot now contend the Settlement is rescinded. *Coles v. Glaser*, 2 Cal.5th 384, 392 (2016).

[3] The scope of the release makes clear that Plaintiffs' assertion they never released any claim seeking "the $17.5 million due to them," is unfounded. Resp. at 2. The release expressly covers all claims "concerning the Dispute," *i.e.*, concerning the dispute over the Deferred Payment. Settlement ¶ 7. If the release did not include claims for the Deferred Payment, it would effectively cover nothing at all. Plaintiffs' interpretation would render the entire release provision meaningless, and therefore must be rejected. *VFLA Eventco, LLC v. William Morris Endeavor Entm't, LLC*, 100 Cal.5th 287, 297 (2025) (resolving dispute over scope of a force majeure clause by adopting the interpretation that "avoids surplusage and gives meaning to every clause").

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

And even if the Entity Defendants were required to show their performance to invoke the release, they have performed. The Entity Defendants have abided by the mutual release, which is the only obligation that could even feasibly govern their conduct as alleged "affiliate[s]" of Wellpath Holdings and Alpine Wellpath. Compl. ¶ 4; *see generally* Settlement.

In short, Plaintiffs' only avenue to pursue alleged liability arising out of the Alpine Sale is a claim under the Settlement and against its signatories—Alpine Wellpath and Wellpath Holding. *See generally* Settlement. Plaintiffs are already traveling down that avenue in the Bankruptcy Court through the Proofs of Claim, RJN Ex. B; they may not double-dip by asserting released claims in this action. Accordingly, the Court should reject Plaintiffs' transparent attempts to pursue released claims and dismiss the action.

## III. THE COMPLAINT CANNOT STATE A CLAIM

The Response almost completely ignores that the Complaint cannot state a claim against any Entity Defendant, especially if the Debtor Defendants have truly been dismissed by notice (ECF No. 18). The dismissal of the claims against the Debtor Defendants, whether by notice or as a result of the reality that such claims are legally dead, precludes a claim against any other Entity Defendant.

*First*, as noted in the Motion, at 10-11, only Parent Holdings could even feasibly be liable under Cal. Corp. § 25501 because only Parent Holdings was "the actual seller of the security." *Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1063 (N.D. Cal. 2013) (dismissing claims under section 25501 and 25504 where complaint did not allege defendants sold a security to plaintiff or controlled someone who did). And any derivative liability under section 25504 requires first "a viable claim of primary liability" under section 25501. *Id.* at 1064.

*Second*, the Complaint wholly fails to identify any Defendant that owed Plaintiffs a fiduciary duty and thus could be liable under Count II. In their Motion to Remand,

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

however, Plaintiffs assert that Parent was the only general partner of Parent Holdings and thus the only entity that could owe a fiduciary duty to Parent Holdings' limited partners, including Plaintiffs. *See* Memo. of Points & Authorities in Support of Plaintiff's Motion to Remand (ECF No. 7-1) at 1.[4] As such, a claim for breach of fiduciary duty could only ever be asserted against Parent. *JER Hudson GP XXI LLC v. DLE Invs., LP*, 275 A.3d 755, 783-84 (Del. Ch. 2022) ("Delaware's limited partnership jurisprudence begins with the basic premise that … the general partner has the fiduciary duty ….")

Plaintiffs have no viable claim against Parent Holdings or Parent and thus cannot state a claim under either Count. Facially, Plaintiffs purported to dismiss Parent and Parent Holdings by notice (ECF No. 18) and as a result could not state a claim against either entity. As discussed above, however, Parent and Parent Holdings cannot be dismissed because they are necessary parties. But even if Parent and Parent Holdings are still parties to this action, any claims against them are "legally dead" given Plaintiffs' facial violation of the Bar Date Order. *In re Trans World Airlines, Inc.*, 96 F.3d 687, 690 (3d Cir. 1996) (affirming bankruptcy court's refusal to permit claims asserted after bar date); *Beury v. Hertz Corp.*, 2024 WL 733643, at *3 (S.D. Cal. Mar. 4, 2024) (dismissing with prejudice claims that were not timely asserted before bankruptcy court).

In short, Plaintiffs cannot state a claim against Parent or Parent Holdings—especially if they effectively dismissed those entities by notice (ECF No. 18). Because they do not have a viable claim against either Debtor Defendant, Plaintiffs cannot state a claim against any other Entity Defendant: Count I fails because Plaintiffs cannot demonstrate a "viable claim of primary liability" and Count II fails because no other Entity Defendant could have owed a fiduciary duty to "Plaintiffs, as limited partners."

---

[4] Indeed, the chart provided by Plaintiffs shows that Parent is the only Entity Defendant with any partnership interest, of any kind, in Parent Holdings.

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

Compl. ¶ 16. Without a viable claim against the Debtor Defendants, the entire action must be dismissed.

Plaintiffs offer no response to this reality except to suggest the Debtor Defendants were somehow excluded from the Bar Date Order because they were excluded from the Plan. Resp. at 3. That is categorically incorrect; the Bar Date Order applies to all Debtors, and the Debtor Defendants were only excluded from the Plan based on a lack of claims asserted by the Claims Bar Date. RJN, Ex. A; SRJN, Ex. A at 155:1-3. Plaintiffs improperly hid their intent to assert these claims until well after the Claims Bar Date, leading all parties to the Wellpath Bankruptcy, including the Bankruptcy Court, to believe there were no claims against the Debtor Defendants. The suggestion that such a conclusion retroactively absolves Plaintiffs of the Bar Date Order strains credulity well past its breaking point.

Moreover, this assertion ignores Plaintiffs' attempt to dismiss Parent and Parent Holdings. Plaintiffs insist Parent and Parent Holdings have been dismissed; that dismissal precludes a claim against any other Entity Defendant. As such, the action should be dismissed.

## IV. THE COMPLAINT DOES NOT STATE A CLAIM

Finally, even if Plaintiffs could sue the Entity Defendants for the claims asserted in the Complaint, they wholly fail to state a claim under either count. *See* Motion at 12-19. The Response does not seriously attempt to defend the Complaint's pleadings; instead, it simply reiterates the elements of each cause of action, asserts that those elements are alleged, and then requests leave to amend on the suggestion that the state and federal pleading standards are different and require an opportunity to amend. Resp. at 3-5.

The Complaint does not state a claim—certainly not to the heightened standard that federal <u>and</u> California courts apply to causes of action sounding in fraud, *i.e.*, this action. *Ferry v. DF Growth REIT, LLC*, 2025 WL 1638318, at *2 (S.D. Cal. June 9,

2025); *Rattagan v. Uber Techs., Inc.*, 17 Cal.5th 1, 43 (2024). Plaintiffs offer no indication how they could ever allege "the who, what, when, where, and how" of any purported misconduct, *Kearns v. Ford Moto Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009), especially without Parent or Parent Holdings.

Plaintiffs cannot state a claim that overcomes the heightened pleading standard, overcomes the Bar Date Order, and overcomes the Settlement. Thus, the action should be dismissed with prejudice.

## CONCLUSION

For the reasons stated herein and in the Motion, the Entity Defendants respectfully request that the Court grant the Motion and dismiss the action with prejudice.

DATED: December 15, 2025 **AKERMAN LLP**

By: */s/ Ellen S. Robbins*
Ellen S. Robbins
Attorneys for Defendants
CCS-CMGC Parent GP, LLC; CCS-CMGC Parent Holdings, LP; H.I.G. Capital, LLC; H.I.G. GP II, Inc.; and H.I.G. CCS-CMGC, L.P.

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342