**AKERMAN LLP**
Ellen S. Robbins (State Bar No. 298044)
*ellen.robbins@akerman.com*
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants CCS-CMGC Parent GP, LLC; CCS-CMGC Parent Holdings, LP; H.I.G. Capital, LLC; H.I.G. GP II, Inc.; and H.I.G. CCS-CMGC, L.P.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN ALLRED, VICTORIA KLEIN and MICHAEL E. DOYLE<br><br>Plaintiffs,<br><br>v.<br><br>H.I.G CAPITAL, LLC, a Limited Liability Company; H.I.G. GP II, INC. a Corporation; H.I.G. CCS-CMGC, L.P., a Limited Partnership; CCS-CMGC PARENT GP, LLC, a Limited Liability Company; and CCS-CMGC, PARENT HOLDINGS, L.P., a Limited Partnership; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 3:25-cv-02306-H-KSC<br>The Hon. Marilyn L. Huff<br><br>*[Removed from San Diego Superior Court; Case No. 25CU040239C]*<br><br>**ENTITY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Complaint Filed: July 31, 2025 |

The Entity Defendants[1] submit this reply brief in support of their Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 and 1412 ("Motion"). The Memorandum of Points and Authorities in Opposition to the Motion ("Response") (ECF No. 20), filed by Plaintiffs Kristen Allred and Victoria Klein, all but ignores the Motion. Instead, it raises a slew of incorrect and irrelevant affirmative arguments attempting to re-litigate Plaintiffs' Motion to Remand (ECF No. 7). *See* Resp. at 2-7. These arguments lack support or even development, and can only be explained, if at all, by Plaintiffs'

[1] Terms not defined in this reply have the definitions ascribed to them in the Motion.



AKERMAN LLP
633 West Fifth Street Suite 6400; Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

recalcitrant refusal to recognize the distinction between the reorganized Wellpath and the Wellpath Debtors, including the Debtor Defendants,[2] whose bankruptcies continue in the Remaining Wellpath Bankruptcy. The Bankruptcy Court reiterated this distinction on November 25, 2025, yet still Plaintiffs conflate the two sets of debtors.

None of the arguments in the Response undermine the propriety of transfer. All claims (including the claims against the H.I.G. Defendants) are related to the Remaining Wellpath Bankruptcy, which is still pending pre-confirmation. Moreover, transfer is supported by the interests of justice and the convenience of the parties, especially as California is a manifestly improper forum for a securities fraud action arising out of an equity purchase agreement requiring litigation in Delaware. Thus, the Motion should be granted, and the action should be transferred for referral to the Bankruptcy Court.

## I. THE MOTION IS PROPERLY SUPPORTED.

At the threshold, the Response asserts (without support) that the Motion should be denied because it "is factually unsupported." *Id.* at 3. Frankly, Defendants are unable to discern the basis for this argument. Plaintiffs cite no authority whatsoever in this section, let alone authority suggesting any deficiency in the Motion. Nor do they support (or explain a basis for) the various proofs demanded in this section, such as a showing of "the course of the [bankruptcy] proceeding, the current status and how the claims asserted against H.I.G. would be resolved in the bankruptcy case as it now exists." *Id.*

The Entity Defendants can only surmise that Plaintiffs drafted this section before the Bankruptcy Court recently confirmed that the Debtor Defendants' proceedings were *still pending*, and the Debtor Defendants *have not* been re-organized. For example, Plaintiffs complain that the Motion does not adequately address the effect on the bankruptcy case "in its current post-confirmation status." *Id.* But the Bankruptcy Court

[2] Defendants CCS-CMGC Parent GP, LLC, and CCS-CMGC Parent Holdings, L.P.

on November 25 confirmed that the relevant bankruptcy proceedings, *i.e.*, the Debtor-Defendants' bankruptcies, are not in a "post-confirmation status."

Additionally, the Entity Defendants are confounded by Plaintiffs' complaint that the Motion fails to support a purported argument "that the Plaintiffs' bankruptcy claim is deficient." *Id.* Plaintiffs provide no citation to that purported argument, because no such argument exists in the Motion. The Motion does not characterize the Proofs of Claim except to note that they have been filed and concern the exact same subject matter addressed in this action. Motion at 3-4, 10, 12-14. The existence of the Proofs of Claim and substantial factual overlap between those claims and this action demonstrate Plaintiffs' have consented to litigate in the Wellpath Bankruptcy. Transferring this action would promote judicial economy by consolidating similar claims in a single forum. Moreover, transfer is necessary to avoid inconsistent judgments or liability, particularly since Plaintiffs have affirmed the Settlement through their Proofs of Claim, yet now improperly seek to repudiate the Settlement and pursue released claims in this action. *See Coles v. Glaser*, 2 Cal.5th 384, 392 (2016) (a party to a contract must select between "two different remedies" for an alleged breach: "disaffirm the contract … or, alternatively, … affirm the contract … and recover damages"). None of these arguments rest on any assertion regarding the strength of the Proofs of Claim themselves.

In any event, the Motion fully explains why transfer is appropriate, including how transfer would support the "interest of justice" and the "convenience of the parties"—all of whom have submitted to the Bankruptcy Court's jurisdiction. Motion at 9-13. Moreover, the Motion—which rests on two requests for judicial notice of the proceedings in the Bankruptcy Court—addresses the specific evidentiary concerns in this section of the Response, including the "course of the proceeding" and "current status" of the Remaining Wellpath Bankruptcy. Accordingly, the Motion is properly supported and should be granted.

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

## II. TRANSFER IS APPROPRIATE UNDER 28 U.S.C. §§ 1404 OR 1412.

Like the Memorandum of Points and Authorities in Opposition to the Motion to Dismiss (ECF No. 19), the Response devotes very little attention to the Motion and instead largely attempts to re-litigate the Motion for Remand. Specifically, the Response argues transfer should be denied because the Court now lacks subject matter jurisdiction and because the transferee courts would be unable to adjudicate the action.

Neither argument is correct, and the Response otherwise fails to dispute the propriety of transfer. Thus, the Motion should be granted, and the action should be transferred to the United States District Court for the Southern District of Texas for referral to the Bankruptcy Court.

### A. This Action Invokes Federal Subject-Matter Jurisdiction.

First, the Response argues that the Court lacks subject-matter jurisdiction over the action in light of the purported dismissal of the Debtor Defendants by notice (ECF No. 18). Again, that assertion is incorrect for the reasons stated in the Entity Defendants' Response to the Motion to Remand (ECF No. 21) and Reply in Support of the Motion to Dismiss (ECF No. 24). The Debtor Defendants cannot simply be dismissed from this action. The five-page Complaint asserts nothing but conglomerated conduct by "Defendants, all acting in concert together." Compl. ¶ 9. Moreover, the Complaint vaguely suggests a fraudulent scheme to breach several agreements that were signed only by the Debtor Defendants and other non-parties. *See id.* ¶¶ 4, 10-11. Finally, the Complaint alleges false statements by "Defendants' counsel." And although the Complaint does not explain whose counsel made the statements, Plaintiffs' response to the Motion to Transfer Venue (ECF No. 20) confirms they were employed by "McDermott [Will & Schulte]," *id.* at 7, which firm was counsel for the Debtor Defendants. *See generally* Wellpath Bankruptcy.

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

In short, the Debtor Defendants are necessary parties who must be joined if feasible under Federal Rule of Civil Procedure 19; indeed, as Plaintiffs seemingly seek to functionally rescind the Settlement and assert released claims, Wellpath Holdings and Alpine Wellpath would also be necessary parties under Rule 19. *See Dawavendewa v. Salt River Project*, 276 F.3d 1150, 1157 (9th Cir. 2002) ("[T]oday we reaffirm the fundamental principle … [that] … a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract."). The Debtor Defendants plainly can be joined if feasible—they already were joined. Plaintiffs cannot rely on Rule 41 to effect such transparent forum-shopping while asserting claims that plainly implicate the Debtor Defendants and their interests; the Debtor Defendants must therefore remain joined in this action.

Even if the Debtor Defendants were properly dismissed, the remaining action is still related to the Remaining Wellpath Bankruptcy. On this point, Plaintiffs' argument that the action should not be transferred because "the Plan permits the creditor to … pursue non-debtors outside of bankruptcy" is a complete non-sequitur. Resp. at 4-6. The Debtor Defendants are <u>excluded</u> from the Plan. RJN, Ex. C, *Plan* at 5 n.2. Despite Plaintiffs' purported unfamiliarity with foundational bankruptcy doctrines, those doctrines govern this action. The Debtor Defendants have not been reorganized, their bankruptcies have not been closed, and the automatic stay has not been lifted with respect to them. The Plan and the opt-out provision in the Plan Ballot are wholly irrelevant to this matter.[3]

[3] More to the point, the opt-out provision concerns whether a creditor's claim against a third-party is <u>released</u> upon the confirmation of the Plan. Resp. at 4. To be clear, the claims asserted in this action were released by the Settlement Plaintiffs executed—Defendants have never argued any such claims were released under the Plan. Plaintiffs' invocation of the Plan opt-out is irrelevant.

Because the Debtor Defendants have not been reorganized or dismissed, claims related to their bankruptcies are governed by the pre-confirmation "related to" standard articulated in *In re Wilshire Courtyard, Inc.*, 729 F.3d 1279, 1285 (9th Cir. 2013). As noted in the Motion, the Response to the Motion to Remand (ECF No. 21), and the Notice of Removal (ECF No. 1), claims against third-parties are "related to" a pre-confirmation bankruptcy action if the claims "will necessarily involve consideration of the nondebtors' involvement in alleged joint action" with debtors. *See In re Coordinated Breast Implant Litig.*, 1995 WL 705154, at *2 (N.D. Cal. Nov. 21, 1995). As such, an action against third-parties, even third-parties alone, is related to a bankruptcy and warrants transfer if the third-parties are sued "because of their participation in the [the debtors'] alleged wrongdoing." *Cal. Pub. Emps. Ret. Sys. v. Wachovia Capital Markets, LLC*, 2008 WL 11381419, at *2 (C.D. Cal. Oct. 5, 2008) (denying motion to remand and transferring action for reference to bankruptcy court).

As noted in the Motion, at 7, each claim against the H.I.G. Defendants rests on their alleged participation in Debtor Defendants' alleged conduct or even more tenuous, mere alleged affiliation with the Debtor Defendants. Any claim against the H.I.G. Defendants under Count I necessarily depends on the existence of a viable securities-fraud claim against Parent Holdings—the actual issuer of the relevant securities—as well as on the H.I.G. Defendants' alleged control over Parent Holdings. *See Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1063 (N.D. Cal. 2013) (dismissing claims under section 25501 and 25504 where complaint did not allege defendants sold a security to plaintiff or controlled someone who did). Similarly, as Plaintiffs confirmed in their Memorandum of Points and Authorities in Support of the Motion to Remand (ECF No. 7-1) at 1, only Parent could owe a fiduciary duty to Plaintiffs. *See* Reply in Support of Motion to Dismiss at 7. As such, any claim against the H.I.G. Defendants in Count II—to the extent a claim exists at all—must be predicated on alleged misconduct by Parent.

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

Because all claims against the H.I.G. Defendants rest on their affiliation with the Debtor Defendants or at most, purported participation in their alleged misconduct, the claims are related to the Debtor Defendants' bankruptcies, and the action should be transferred to that forum. *Wachovia Capital Markets, LLC*, 2008 WL 11381419, at *3.

Indeed, through the Proofs of Claim, Plaintiffs have *twice* submitted this dispute to the Bankruptcy Court's jurisdiction and venue. And they similarly invoked the Bankruptcy Court's exclusive jurisdiction by suing the Debtor Defendants in this action—in violation of the automatic stay and Bar Date Order. The Court need not, and should not, permit Plaintiffs to avoid that choice now that they have decided the Bankruptcy Court is an unfavorable forum for them. Plaintiffs' attempted forum-shopping through transparent procedural gamesmanship is inappropriate and does not alter the Court's jurisdiction. The Court should grant the motion and transfer the action.

**B. The Texas District Court and Bankruptcy Court Can Resolve this Action.**

Further attempting to re-litigate the Motion to Remand, Plaintiffs also suggest the action should not be transferred because the District Court of the Southern District of Texas would have to abstain under 28 U.S.C. 1334 and because the action could not be referred to the Bankruptcy Court in light of Plaintiffs' demand for a jury trial. Resp. at 6-7. Plaintiffs fail to develop these arguments in either the Response or in Plaintiffs' Motion for Remand. More importantly, however, these arguments are incorrect for the reasons stated in the Entity Defendants' Opposition to Motion to Remand (ECF No. 21) at 15, 17. Indeed, this action involves core disputes arising in the Remaining Wellpath Bankruptcy and would require substantial motion practice if remanded, given Plaintiffs' violation of the Forum Selection Clauses. In the face of these facts, Plaintiffs offer no attempt to demonstrate that the action is subject to Section 1334, or that the action could by timely adjudicated in state court. Similarly, Plaintiffs' suggestion that the

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

Bankruptcy Court could not adjudicate this action ignores that Plaintiffs have waived any right to a jury trial in this action on three separate occasions. *See* EPA § 10.20; Rollover § 5(j); Settlement § 9.

In any event, the Southern District of Texas "is the appropriate forum to consider the[se] issues." *Core Litig. Tr. ex rel. Kravitz v. Apollo Glob. Mgmt., LLC*, 2017 WL 3045919, at *3 (C.D. Cal. Apr. 5, 2017) (transferring to the United States District Court for the Southern District of New York to allow that court to consider "the issues raised in Plaintiffs' motion to remand"). As in *Apollo Global Management*, the Court should transfer this action and allow the Southern District of Texas to decide for itself whether it must abstain or refer the action to the Bankruptcy Court.

**C. Transfer Supports the Interests of Justice and Convenience of the Parties**

Finally, after extensively revisiting their prior misguided arguments, Plaintiffs devote only two pages of the Response to challenging whether transfer is appropriate. Resp. at 7-8. These two pages contain only mischaracterizations of the action and present arguments regarding the convenience to the parties that are, at best, unpersuasive.

Most egregiously, Plaintiffs insist without any support that this action does not arise under the EPA or Rollover Agreement and thus is not encompassed by the Forum Selection Clauses. Resp. at 8. Doubling down, Plaintiffs suggest that an integration clause in Parent Holdings' Partnership Agreement precludes any finding that the action arises out of or relates to the SPA or Rollover. *Id.* This argument is facially unconvincing: the EPA and Rollover Agreement are dated April 21, 2022, four months ***after*** the Partnership Agreement. *Compare* Herron Decl. (20-1), Ex. M at 1, *with* Rollover Agreement at 1, *and* EPA at 1. By its own terms, the Partnership Agreement

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

supersedes only "prior" agreements and thus could not supersede the EPA or Rollover Agreement (or Settlement, which was executed years later).

Also, if the Partnership Agreement supersedes the EPA and Rollover Agreement, Plaintiffs would have no basis for their claim to the $17.5 million Deferred Payment. The Partnership Agreement addresses the management of the partnership; it does not address the Alpine Sale. As such there is no basis for Plaintiffs' suggestion that the Partnership Agreement could ever supersede the EPA or Rollover Agreement, but if it does, Plaintiffs' action is void on its face. Plaintiffs seek payments allegedly owed under the EPA, allege a breach of the EPA, and allege fraud in connection with the issuance of securities that were transferred to Plaintiffs pursuant to the EPA and Rollover Agreement. Compl. ¶¶ 4-14. The action plainly arises out of and relates to the EPA and Rollover Agreement. As such, if the matter is not transferred to the Southern District of Texas for referral to the Bankruptcy Court, the Forum Selection Clauses require litigation in Delaware, not California. EPA § 10.20; Rollover Agreement § 5(i).

Moreover, the Response misconstrues Supreme Court precedent in suggesting the Forum Selection Clause "could only be the basis for a transfer to Delaware." Resp. at 7-8. Plaintiffs' decision to violate the forum selection clause affects the transfer analysis in several ways. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). Specifically, Plaintiffs' decision to sue in California merits no weight in assessing transfer to another district, and the Court cannot consider any argument that litigation would be more convenient in California. *Id.* Under this modified standard, the action should be transferred to the Southern District of Texas. Indeed, Plaintiffs twice consented to venue in the Bankruptcy Court to resolve this dispute by filing the Proofs of Claim, and separately invoked the Bankruptcy Court's exclusive jurisdiction by suing the Debtor Defendants in this Action. That choice

weighs decisively in favor of transfer, particularly where Plaintiffs now attempt to circumvent the Bankruptcy Court's jurisdiction through procedural gamesmanship.

Finally, to this end, the Response misconstrues the relevant analysis in arguing there is no nexus to the Southern District of Texas. To the contrary, as explained in the Motion, at 9-13, there is a substantial nexus between this action, the Proofs of Claim, and the Remaining Wellpath Bankruptcy. Among other factors, transfer would consolidate substantially similar actions, avoid inconsistent rulings, and allow one Court to consider common core issues of fact, including for example, whether Plaintiffs may sue to vindicate the Settlement while simultaneously attempting to avoid it and assert released claims. Similarly, the Southern District of Texas would be convenient because evidence will be in the possession of the Wellpath Debtors and all parties have consented to the Bankruptcy Court's jurisdiction. For this reason, transfer under Section 1412 "carries a presumption in favor of the court in which the debtor's bankruptcy case is pending." *Harris v. Vianda, LLC*, 2011 WL 13227850, at *1. Because Plaintiffs do not rebut that presumption, the action should be transferred.

AKERMAN LLP
633 West Fifth Street Suite 6400;
Los Angeles, CA 90071
T: +1 213 688 9500. F: +1 213 627 6342

## CONCLUSION

For the reasons stated herein and in the Motion, the Entity Defendants respectfully request that the Court grant this Motion and transfer this action to the United States District Court for the Southern District of Texas.

DATED: December 15, 2025 **AKERMAN LLP**

By: */s/ Ellen S. Robbins*
Ellen S. Robbins
Attorneys for Defendants
CCS-CMGC Parent GP, LLC; CCS-CMGC Parent Holdings, LP; H.I.G. Capital, LLC; H.I.G. GP II, Inc.; and H.I.G. CCS-CMGC, L.P.